IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,                          Hon. Arthur J. Tarnow
                                                Case No. 2:11-cr-20468

vs.

                                                Mag. Judge Mona K. Majzoub

BABUBHAI PATEL

        Defendant.

_____/

### DEFENDANT PATEL'S CONSOLIDATED MOTION AND MEMORANDUM TO DISMISS INDICTMENT BASED UPON IMPROPER GRAND AND PETIT JURY SELECTION PROCESS

NOW COMES Defendant Babubhai Patel, by and through his counsel, FRIED SAPERSTEIN ABBATT, P.C., by Harold S. Fried and Joseph A. Niskar, and pursuant to 28 U.S.C. §§ 1861 to 1874 respectfully moves this Honorable Court to Dismiss the Indictment based upon improper Grand and Petit Jury Selection Process. In support of the foregoing, Defendant states as follows:

1. Defendant Patel, an Asian-Indian, was indicted by the grand jury and charged with multiple counts of Conspiracy to Commit Health Care Fraud and Distributing Controlled Substances.

2. Defendant was indicted based on a Grand Jury selection process set forth in this Court's Administrative Order 09-AO-015.

3. Pursuant to 18 U.S.C. § 1867(a), Defendant Patel brings the instant Motion to Dismiss the Indictment on the grounds of a substantial failure to comply with the provisions of this title in selecting the grand jury.

4. The Jury Selection and Services Act of 1968, 28 U.S.C. §1861, et seq., governs the grand jury selection process for the Eastern District of Michigan. Section 1863 (b)(2) provides that the plan for random jury selection for each district shall "specify whether the names of prospective jurors shall be selected from the voter registration lists or the lists of actual voters of the political subdivisions within the district or division. The plan shall prescribe some other source or sources of names in addition to voter lists where necessary to foster the policy and protect the rights secured by §1861 and 1862 of this title."

5. Section 1861 announces the policy of the United States which recognizes and preserves the right of litigants entitled to trial by jury "to grand jury and petit juries selected at random from a fair cross-section of the community." 28 U.S.C. §1861. This federal policy also prohibits the exclusion of citizens from jury service "on account of race, color, religion, sex, national origin, or economic status." 28 U.S.C. §1862. Nevertheless, in accordance with the JSSA, the Eastern District of Michigan revised its Administrative Order on May 23, 2011, No. 11-AO-006, setting forth the court's procedure for drawing its juries. According to the Administrative Order, this court's master jury wheel is to contain 300,000 names drawn from the nine counties encompassed within the Eastern District of Michigan and then divided by division (i.e., Northern or Southern Division). Consistent with the JSSA, the Administrative Order also sets forth the formula to determine the proportional representation from each county to be placed into the master jury wheel for each division. Wayne is the largest county in the district and is required to comprise 38.01% of the master jury wheel. Oakland County is required to comprise 25.28% of the jury wheel. Macomb

County is required to comprise16.82% of the wheel, Washtenaw County makes up 7.35% of the master jury wheel, and so forth.

6. Nevertheless, 11-AO-006 for the Eastern District of Michigan declares that "for the purpose of determining proportional representation in the Detroit Master Jury Wheel, the number of registered voters will be used." This procedure was used to select the grand jury venire in this case and will be used to select the petit jury for the Defendant's trial. Defendant challenges the process of selecting a grand and petit jury utilized by the Eastern District of Michigan, Southern Division, because it inherently and systematically excludes Asians from the grand jury pools due to its sole reliance on voter registration lists.

7. Defendant asserts a discriminatory violation of the Jury Selection and Services Act of 1968, 28 U.S.C. §§ 1861 to 1874. The procedure followed in this District is inconsistent with the Jury Selection and Services Act of 1968. The Act provides that "[T]he policy of the United States [is] that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States." 28 U.S.C. §1861. As stated previously, it also prohibits exclusion from service based upon race, color, religion, sex, national origin, or economic status 28 U.S.C. §1862.

8. Specifically, Wayne County, the largest county in the district, is supposed to make up 38% of the jury wheel. Defendant has been unable to physically inspect the jury wheel in order to determine the district's compliance with the JSSA. Wayne County residents may be under represented in the jury pool from which Mr. Patel's grand and petit juries are drawn.

9. Upon information and belief, Mr. Patel intends to demonstrate after physically inspecting the jury wheel that under weighting Wayne County produces the discriminatory effect of under representing Asian and Indian residents of Wayne County on federal grand and petit juries. This too is a violation of §1862 of the JSSA. The exclusion of Asians from both his grand and petit juries also violates Mr. Patel's constitutional right to equal protection and due process as set forth in the Supreme Court's landmark decision in *Batson v. Kentucky*, 476 U.S. 79 (1986).

10. For more than one hundred years, the United States Supreme Court has consistently found unconstitutional jury selection plans that discriminate against minorities in favor of white jurors. As far back as 1881, the Supreme Court considered whether "by the Constitution and laws of the United States, every citizen of the United States has a right to a trial of an indictment against him by a jury selected and impaneled without discrimination against his race or color, because of race or color[.]" *Strauder v. West Virginia*, 100 U.S. 303, 305 (1880). In response to this question, the Supreme Court has on numerous occasions overturned convictions rendered by jury selection plans tainted by discrimination even where the jury plan was facially neutral but had a discriminatory effect. *Neal v. Delaware*, 103 U.S. 370 (1881).

11. In *Castaneda v. Partida*, 430 U.S. 482 (1977), the Supreme Court affirmed habeas relief to a Mexican-American man convicted in state court where the defendant offered proof that the county's population was 79% Mexican-American while only 39% of the people summoned for jury service were Mexican-American. In upholding habeas relief to the defendant, the Supreme Court made clear that not only does the absolute exclusion of a certain group from jury service violate the constitution but so

does the "substantial under representation" of a certain group. *Castaneda*, 430 U.S. at 493; *see also Turner v. Fouche*, 405 U.S. 625 (1972) ("a criminal conviction of a negro cannot stand under the Equal Protection Clause of the Fourteenth Amendment if it is based on an indictment of a grand jury from which Negroes were excluded by reason of their race.")

12. The Supreme Court has also held that a criminal defendant's right to a constitutionally fair trial under the Sixth Amendment is also violated by discriminatory jury selection plans. In *Taylor v. Louisiana*, 419 U.S. 522 (1975), the Supreme Court opined that a "fair cross-section requirement" implicit in the Sixth Amendment prohibits discrimination in the jury selection process. Congress codified the requirement of a "fair cross-section" in the JSSA. 28 U.S.C. §1863(b)(3) (These procedures shall be designed to ensure the random selection of a *fair cross section* of the persons residing in the community in the district or division wherein the court convenes.")(emphasis added).

13. Defendant Patel intends to physically inspect the master jury wheel of this District Court. The inspection will entail counting each of the questionnaires (delivered, excused and undeliverable) that were provided to potential jurors by the Clerk of the Court. By counting and tabulating the data from these questionnaires, Defendant Patel will be able to sort the data and enter it into a spreadsheet. From such an examination, Defendant Patel can report with more specificity whether anomalies exist or if the grand and petit juries used to indict, and be used at trial, were drawn from a master jury wheel that is markedly unconstitutional and non-compliant with the JSSA.

14. The potential systematic exclusion of Asian jurors from the master jury wheel is a violation of §1862, while the systemic exclusion of Wayne County residents from the master wheel is a violation of §1863(b)(3). For more than one hundred years, the Supreme Court has been intolerant of convictions resting upon tainted jury plans like the one now in question.

15. Pursuant to L.R. 7.1 (a) (2), undersigned counsel contacted the government's attorney and held a conference in which the nature and legal basis of the foregoing motion were explained. The parties were unable to reach an agreement about the relief sought.

WHEREFORE, Defendant Patel's indictment by a grand jury drawn from a master jury wheel that systematically discriminates against blacks in favor of white jurors. The use of such a discriminatory jury plan to indict, and potentially convict, Mr. Patel violates his constitutional rights.

Pursuant to 28 U.S.C. §1867, Defendant Patel respectfully requests this Court to enter an order allowing him to "present the testimony of the jury commissioner or clerk ... any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence."

*"Under a government which imprisons any unjustly, the true place for a just man is also a prison."* HENRY DAVID THOREAU, CIVIL DISOBEDIENCE (1849).

    Respectfully submitted,

    /s/ Joseph A. Niskar
By: Joseph A. Niskar (P55538)
Attorney for Defendant Patel
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

Email: niskarlaw@gmail.com

Dated: February 1, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.

BABUBHAI PATEL

    Defendant.
_____/

Hon. Arthur J. Tarnow
Case No. 2:11-cr-20468

Mag. Judge Mona K. Majzoub

## CERTIFICATE OF SERVICE

I, Joseph A. Niskar, do hereby certify and say that on February 1, 2012, I electronically filed the foregoing Consolidated Motion & Memorandum to Dismiss Indictment with the Clerk of the Court using the ECF system which will send notification of such filing to all parties listed on the Electronic Mail Notice List.

JOSEPH A. NISKAR, P.C.

/s/ Joseph A. Niskar
By: Joseph A. Niskar (P55538)
Attorney for Defendant Patel
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500
Email: niskarlaw@gmail.com