UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No.  11-20468-1

v.

                                      SENIOR UNITED STATES DISTRICT JUDGE
D-1 BABUBHAI PATEL                 ARTHUR J. TARNOW

        Defendant.                 MAGISTRATE JUDGE MONA K. MAJZOUB
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
NOTWITHSTANDING THE VERDICT OR FOR A NEW TRIAL [597]**

Defendant Babubhai Patel moves for judgment notwithstanding the verdict or for a new trial following a conviction by jury of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, conspiracy to distribute controlled substances, and other related offenses.  For the reasons stated below, Defendant's Motion for Judgment Notwithstanding the Verdict or For a New Trial [597] is DENIED.

**Procedural and Factual Background**

Beginning on July 3, 2012, a jury trial was held in which Defendant Babubhai Patel was tried, along with seven other defendants, for conspiracy to commit health care fraud, conspiracy to distribute controlled substances, and other related offenses.  On August 10, 2012, the jury found Defendant Babubhai Patel guilty of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.  Five co-defendants were also found guilty of conspiracy to commit health care fraud: Komol Acharya, Lokesh Tayal, Ashwini Sharma, Viral Thaker, and Brijesh Rawal.  The jury was unable to reach a verdict with respect to co-defendant Harpreet Sachdeva.

On October 8, 2012, Defendant Patel filed the instant Motion for Judgment Notwithstanding the Verdict or For a New Trial [597].

**Standard**

Federal Rule of Civil Procedure 29(c)(2) permits a court to set aside a verdict of guilty and to enter a judgment of acquittal. In doing so, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original); *see also United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008). "All reasonable inferences must be drawn in favor of the jury's verdict." *Conaster*, 514 F.3d at 518. When evaluating the evidence in a Rule 29 motion, "the court must refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Donaldson*, 52 F. App'x 700, 706 (6th Cir. 2002). "Circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilty beyond a reasonable doubt." *Id.* (citing *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir. 1993).

**Analysis**

Defendant advances several arguments in brief bullet-point format.

First, Defendant argues that the Government "knowingly proceeded to trial in Counts Sixteen to Nineteen against Defendant Patel understanding that the evidence would not and could not be proven to establish these several claims . . . ." Defendant argues that the reason for the Government taking this action was to taint the jury by introducing "high inflammatory matters to stand for an inference of guilt thereby tainting the entire trial." Defendant does not identify the "highly inflammatory matters" thus introduced.

In response, the Government notes that in acquitting the Defendant of Counts Sixteen to Nineteen, the jury apparently found the evidence lacking in terms of convicting the Defendant on those particular counts. The Government argues that it is "pure speculation" to suggest that said allegedly insufficient evidence somehow influenced the jury

The Court agrees. Counts Sixteen through Nineteen concerned charges that Defendant Patel aided and abetted in the distribution of controlled substances through the use of "runners." The evidence presented in support of these charges was not inflammatory, particularly in light of the evidence presented in regards to the remaining counts concerning conspiracy to commit health care fraud and conspiracy to distribute controlled substances.

Defendant next argues that the Court should have granted a mistrial because, during the process of jury selection, one potential juror witnessed Defendant Patel while he was handcuffed and in the custody of United States Marshals outside the courtroom. This matter was dealt with by the Court prior to trial. The potential juror immediately brought the issue to the Court's attention, and the parties agreed to the dismissal of the potential juror. There was no showing of any communication between the dismissed potential juror and any other potential jurors, and in fact the potential juror specifically stated under oath that he did not talk to any of the other potential jurors and did not think any other potential jurors saw Defendant Patel. Defendant Patel does not provide any argument as to how the viewing of the Defendant while in custody by a potential juror who is later dismissed supported his motion for a mistrial, or how it resulted in any bias to Defendant such that a new trial was necessary. Particularly in light of *United States v. Walton*, 206 F.3d 597 (6th Cir. 2000), in which the court affirmed a conviction after a jury foreperson, after the first day of deliberations, had seen the defendant in shackles and discussed it with another juror, the Court does not find the circumstances in the instant case require a new trial.

Defendant next asserts, without argument, that the jury's verdict that Defendant Patel conspired to distribute controlled substances and conspired to commit health care fraud was not supported by the evidence.

After reviewing the evidence in the light most favorable to the Government, the Court finds that the numerous recorded statements by Defendant Patel, testimony by co-conspirators, and circumstantial evidence was more than sufficient to support Defendant Patel's conviction for conspiracy to distribute controlled substances

Finally, Defendant argues that the Government's closing statement was improper because it "failed to put Defendant on notice as to [the Government's] theory supporting a conviction." Defendant also made this objection at trial. As the Court noted at the time, Defendant was put on notice throughout the trial of the Government's theory supporting a conviction. The Government provided numerous pieces of evidence in support of Defendant Patel's guilt. It is unclear how Defendant Patel could not have understood the Government's theory of conviction, and Defendant provides no argument as to this point. Finally, to the extent that the Government's closing statement did not focus on Defendant Patel, the Court finds it likely that this was due to the strength of the Government's case against Defendant. In addition, the prosecution had to discuss all seven accused without losing the attention of the jurors.

### Conclusion

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Judgment Not Withstanding the Verdict or For a New Trial [597] is **DENIED**.

**SO ORDERED**.

                                          s/Arthur J. Tarnow
                                          ARTHUR J. TARNOW
                                          SENIOR U.S. DISTRICT JUDGE

Dated: December 10, 2012