UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 BABUBHAI PATEL

        Defendant.
                                 /

Case No.  11-20468-1

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

**ORDER GRANTING MOTION TO AMEND [605],  DENYING MOTION FOR RECONSIDERATION [669] AND DENYING MOTION TO CONTINUE SENTENCING [685]**

      Defendant Babubhai Patel moves to amend a previously-denied motion for judgment of acquittal, moves for reconsideration of the denied motion for acquittal, and moves to continue his sentencing.  For the reasons stated below, Defendant's Motion to Amend [605] is GRANTED.  Defendant's Motion for Reconsideration [669] and Motion to Continue Sentencing [685] are DENIED.

**Procedural and Factual Background**

      Beginning on July 3, 2012, a jury trial was held in which Defendant Babubhai Patel, along with six other defendants, was tried for conspiracy to commit health care fraud, conspiracy to distribute controlled substances, and other related offenses.  On August 10, 2012, the jury found Defendant guilty of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.  Five co-defendants were also found guilty of conspiracy to commit health care fraud: Komol Acharya, Lokesh Tayal, Ashwini Sharma, Viral Thaker, and Brijesh Rawal.  The jury was unable to reach a verdict with respect to co-defendant Harpreet Sachdeva.

On October 8, 2012, Defendant filed a Motion for Judgment Notwithstanding the Verdict or For a New Trial [597]. On December 10, 2012, the Court issued an Order [637] denying Defendant's Motion for Judgment Notwithstanding the Verdict.

On October 17, 2012, Defendant's attorneys, Joseph A. Niskar and Harold S. Fried, filed a motion [606] requesting that they be permitted to withdraw from representation of Defendant Patel due to Defendant's wish that they no longer represent him. This motion was granted on October 26, 2012. Defendant, through new counsel filed a Motion to Produce [607] on October 17, 2012. The motion to produce was denied by the Court on January 15 2013. Defendant also filed the instant Motion to Amend [605] on October 17, 2012. Defendant filed a Motion for Reconsideration [669] of the Court's order denying his motion for judgment of acquittal on January 2, 2013.

## Motion to Amend [605]

Defendant seeks leave to amend his Motion for Judgment Notwithstanding the Verdict [597] to include claims of ineffective assistance of counsel. Specifically, Defendant argues that his trial counsel, Joseph A. Niskar and Harold S. Friend, were ineffective in failing to obtain certain records of McKesson, Anda, and AmerisourceBergen Corporations that Defendant argued in his Motion to Produce [607] were potentially exculpatory.

However, to the extent that Defendant's ineffective assistance of counsel claim, which was based upon his trial counsel's failure to obtain the evidence requested in the Motion to Produce, was not previously addressed by the Court, Defendant's Motion to Amend [605] is GRANTED.

## Motion for Reconsideration [669] and Motion to Continue Sentencing [685]

Local Rule 7.1(h)(3) provides that:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled

>upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3). *See also Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (holding that a motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

As to a motion for judgment of acquittal, Federal Rule of Criminal Procedure 29(c)(2) permits a court to set aside a verdict of guilty and to enter a judgment of acquittal. In doing so, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original); *see also United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008). "All reasonable inferences must be drawn in favor of the jury's verdict." *Conaster*, 514 F.3d at 518. When evaluating the evidence in a Rule 29 motion, "the court must refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Donaldson*, 52 F. App'x 700, 706 (6th Cir. 2002). "Circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilty beyond a reasonable doubt." *Id.* (citing *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir. 1993)).

To the extent that Defendant bases his Motion for Reconsideration on the issues raised in his instant Motion to Amend [605], these issues have already been discussed in the Court's Order [676] denying the Motion to Produce [607]. In that Order, the Court found that the McKesson, Anda, and AmerisourceBergen records upon which Defendant Patel sought to base his ineffective assistance of counsel claims were not relevant to his conviction. The Court further found that the evidence sought was not relevant to Defendant Patel's ability to prepare for sentencing. The Court finds no reason to revisit its previous order.

Defendant also seeks to introduce a new issue in his Motion for Reconsideration. Defendant argues that newly-discovered evidence indicates that the government's forensic accountant presented inaccurate information at trial related to the amounts paid by two pharmacies owned by Defendant to McKesson Corporation, a provider of pharmaceuticals. Specifically, Defendant argues that the government's accountant undercounted the amount paid to McKesson by approximately three million dollars. Defendant posits that this alleged error "created the impression that millions of dollars went unaccounted for, when that money actually went directly to McKesson." Defendant argues that this error allowed the government to create a "strawman" and to manufacture the billing fraud for which Defendant was convicted. Defendant also argues that his trial counsel's failure to challenge this testimony demonstrates ineffective assistance of counsel, and that the alleged errors created the impression that Defendant diverted millions of dollars to his own bank accounts. Finally, Defendant argues that the government violated his due process rights by "knowingly using the false testimony" described above.

In response, the government notes, first, that the above evidence was available both to Defendant's trial counsel and to Defendant's current counsel at the time Defendant filed his Motion

to Amend. Further, the government argues that the testimony of its Forensic Accountant was presented as a summary of more than 180 bank accounts that was not a complete or exact accounting of all the defendants and pharmacies in the case. The government notes that whether McKesson Corporation was paid $43 million or $46 million dollars is not relevant to Defendant's guilt. The government further notes that the actual income received by Defendant Patel, over $6 million, remains accurate, notwithstanding the speculation of Defendant that a higher percentage of said income may have been legitimate. Finally, the government argues that Defendant's counsel was not ineffective.

Defendant has failed to demonstrate that the Court was "misled by a palpable defect," and that "correcting the defect will result in a different disposition of the case." Whether McKesson Corporation was paid $43 million or $46 million dollars was, at best, a very tangential and remote point that could be argued in Defendant's favor. As related to Defendant's Motion for a Judgment of Acquittal, the government presented a large amount of testimony and evidence at trial from which the jury was free to conclude that Defendant was guilty beyond a reasonable doubt. Similarly, Defendant's Due Process rights were not violated by a minor mathematical error on a point not directly related to his guilt. Finally, Defendant's counsel was not ineffective for failing to cross-examine the government's witness and discover the error; given that the other evidence presented by the government was much more probative of Defendant's guilt, Defendant's trial counsel acted appropriately in focusing his investigation and cross-examination elsewhere. Accordingly, Defendant's Motion for Reconsideration is DENIED. There being no reason to delay sentencing, Defendant's Motion to Continue Sentencing [685] is DENIED.

## Conclusion

Accordingly, Defendant's Motion to Amend [605] is **GRANTED**. Defendant's Motion for Reconsideration [669] and Motion to Continue Sentencing [685] are **DENIED**. Defendant's previous Motions to Continue Sentencing [614] and [636] are **MOOT**.

**SO ORDERED**.

                                            s/Arthur J. Tarnow
                                            ARTHUR J. TARNOW
                                            SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 31, 2013