UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

               Plaintiff,

v.

BABUBHAI PATEL,

               Defendant.

_____/

Case No. 11-20468
Civil Case No. 15-13230

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW


**ORDER DENYING:**
1. **MOTION TO DISMISS COUNT ONE OF THE INDICTMENT BECAUSE OF DUPLICITY ERROR [1093];**
2. **MOTION FOR NEW TRIAL [1098];**
3. **RENEWED MOTION FOR LEAVE TO FILE SUBPOENA RECORDS [993];**
4. **MOTION TO SUPPLEMENT PENDING MOTION FOR NEW TRIAL [1105];**
5. **MOTION TO FILE SECOND SUPPLEMENT TO PENDING MOTION FOR NEW TRIAL [1466];**
6. **MOTION TO SUPPLEMENT PENDING MOTION UNDER 28 U.S.C. § 2255 [1490];**
7. **MOTION FOR DISPOSITION ON PENDING MOTION FOR LEAVE TO SUBPOENA RECORDS AND MOTION FOR NEW TRIAL [1331];**
8. **MOTION FOR DISPOSITION ON PENDING MOTIONS [1486]**
9. **MOTION TO SUPPLEMENT PENDING MOTION TO DISMISS COUNT ONE OF THE INDICTMENT BECAUSE OF DUPLICITY ERROR [1121]**
10. **MOTION FOR EXTENSION OF TIME TO FILE REPLY TO RESPONSE TO MOTION TO VACATE [1510]**

On August 10, 2012, Defendant was found guilty by a jury of health care fraud conspiracy and conspiracy to distribute controlled substances, as well as ten substantive health care fraud counts and fourteen substantive drug distribution counts. On February 1, 2013, he was sentenced to 204 months imprisonment.

Defendant filed a Renewed Motion for leave to Subpoena Records [993] on August 7, 2013. The Government responded on September 4, 2013 [1004]. The response adopted and incorporated by reference their earlier response [616] to Defendant's earlier Motion for Leave to Subpoena Records. Defendant replied [1012] on September 11, 2013. On December 26, 2013, Defendant filed a Motion to Dismiss Count One of the Indictment because of Duplicity Error [1093].

Defendant filed a Motion to Supplement the Pending Motion to Dismiss Count One [1121] on January 1, 2014. Defendant filed a Motion for a New Trial [1098] on January 9, 2014. On January 16, 2014, Defendant filed a Motion to Supplement Pending Motion for New Trial [1105], and a second Motion to Supplement Pending Motion for New Trial [1466] was filed on July 6, 2015. Defendant filed a Motion for disposition of the Motion for New Trial and Motion to Subpoena Records [1331] on November 21, 2014 and filed a second Motion for Disposition on Pending Motions [1486] on October 8, 2015. On September 11, 2015, Defendant filed a Motion to Vacate Sentence under 28 U.S.C. 2255 [1475]

2

to which the Government responded [1506] on November 30, 2015. On December 9, 2015, Defendant requested an extension of time until January 1, 2016 to reply to Government's Response [1510]. On October 30, 2015, Defendant filed a Motion to Supplement Pending Motion under 28 U.S.C. § 2255 [1490].

For the reasons stated below, Defendant's Motion to Dismiss Count one of the Indictment [1093] is **DENIED**; Defendant's Motion to Supplement Pending Motion to Dismiss Count one of the Indictment [1121] is **DENIED**; Defendant's Motion for New Trial [1098] is **DENIED**; Defendant's Renewed Motion for Leave to Subpoena Records [993] is **DENIED**; Defendant's Motion to Supplement Pending Motion for New Trial [1105] is **DENIED**; Defendant's Motion to File Second Supplement to the Pending Motion for New Trial [1466] is **DENIED**; Petitioner's Motion to Supplement his Pending Motion under 28 U.S.C. § 2255 [1490] is **DENIED**; Defendant's Motion for Disposition on pending Motion for Leave to Subpoena records and his Motion for new trial [1331] are **DENIED as moot**; Defendant's Motion for disposition on pending Motions [1486] is also **DENIED as moot.** Defendant's Motion for Extension of time to Reply to Response to Motion to Vacate Sentence [1510] is **DENIED as moot.**

3

**FACTUAL BACKGROUND**

On appeal from Defendant's conviction, the Sixth Circuit summarized the

background of this case, in pertinent part, as follows:

> The conspiracies began in January 2006 and ended in August 2011
> when Patel and his associates were arrested, effectively ending their
> illegal activities. The number of pharmacies controlled by Patel varied
> over time, and he changed their corporate structures frequently. Patel
> hired all of the staff and supervised the pharmacy operations.
>
> The scheme to defraud insurers depended on the participation of
> physicians, pharmacists, recruiters, and patients. Patel paid cash bribes
> to physicians to entice them to write patient prescriptions for
> expensive medications and controlled substances that could be billed
> to Medicare, Medicaid, or private insurers through the Patel
> pharmacies. He paid kickbacks to managers of health-related
> companies so that they would send patients to his pharmacies, and he
> employed "marketers" to recruit "patients" directly from the streets.
>
> Pharmacists facilitated the criminal activity by charging insurers for
> expensive Medications that were ordered from wholesale distributors
> and held in inventory but not dispensed to patients. These surplus
> medications were later returned to the supplier for credit or sold on the
> black market. Pharmacists also billed insurers for controlled
> substances that the pharmacists knew were illegally prescribed. These
> controlled medications included Hydrocodone (Vicodin, Lortab),
> oxycodone (Oxycontin), alprazolam (Xanax), and codeineinfused
> cough syrup. When filling prescriptions, the pharmacists usually
> "shorted" the number of dosage units placed in the medication vials
> for patients, billed the insurers for the full drug quantities prescribed,
> and then sold the excess pills on the street.
>
> A significant portion of the prescription fraud was perpetrated through
> Visiting Doctors for America (VDA), a physician group that
> purported to provide home doctor visits to patients. Marketers
> recruited "patients" from homeless shelters and soup kitchens by

4

offering them small amounts of cash or controlled substances. The marketers transported the "patients" to a VDA physician, who performed cursory examinations of the "patients" while they sat together in one room. VDA staff provided the co-conspirators with dummy patient files and blank prescription pads previously signed by a physician or physician's assistant. Mehul Patel and later Arpit Patel, neither of whom is a physician, wrote prescriptions for controlled medications and expensive non-controlled medications on these blank, pre-signed prescription pads. The prescriptions were taken to the Patel pharmacies, where the pharmacists used the dummy patient files to enter patient profiles into the computer database, billed for all of the medications prescribed, but filled only the controlled medications. The controlled substances were then distributed, or sold on the street.

Patel paid his pharmacists salaries, bonuses, and twenty percent of pharmacy profits to encourage them to engage in fraudulent practices. The pharmacies distributed nearly 500,000 dosage units of Schedule II controlled substances (including oxycodone), approximately 4.9 million dosage units of Schedule III controlled substances (including hydrocodone), nearly 2.3 million dosage units of Schedule IV controlled substances (including alprazolam), and approximately 2.5 million dosage units of Schedule V controlled substances. Between 2006 and 2011, the Patel pharmacies billed Medicare approximately $37,770,557; Medicaid approximately $23,134,691; and Blue Cross/Blue Shield of Michigan approximately $6,359,872.

Babubhai Patel was convicted of health care fraud conspiracy in violation of 18 U.S.C. § 1349 (count 1), drug conspiracy in violation of 21 U.S.C. § 846 (count 15), ten counts of aiding and abetting health care fraud in violation of 18 U.S.C. § 1347 & § 2 (counts 2–5, 7–9, 12–14), and fourteen counts of aiding and abetting the unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (counts 20–32, 34). He was acquitted on three counts of aiding and abetting health care fraud (counts 6, 10–11) and five counts of aiding and abetting the unlawful distribution of oxycodone and hydrocodone (counts 16–19, 33). The district court sentenced him to a total term of imprisonment of 204 months,

supervised release of three years, and payment of restitution in the total amount of $18,955,869.

ANALYSIS

1. MOTION FOR A NEW TRIAL [1098]; RENEWED MOTION TO SUBPOENA RECORDS [993]

Defendant filed a Renewed Motion for leave to Subpoena Records [993] on August 7, 2013. The Government responded on September 4, 2013 [1004]. The response adopted and incorporated by reference an earlier response [616] to Defendant's prior Motion for Leave to Subpoena Records. Defendant's Motion for a New Trial [1098] was filed on January 9, 2014. For the reasons stated below, the Motions for leave to Subpoena Records [993] and for a New Trial [1098] are **DENIED.**

Defendant is seeking to subpoena records from the McKesson Corporation, including all drugs purchased from McKesson Corp, the cost of the drugs purchased, the amount of drugs returned for credit refund, the amount of return credit, and the customer signatures from the prescribed and dispensed drugs for each of the listed pharmacies. The thirty-two pharmacies referred to are all owned by the Defendant and were listed on the indictment. Defendant alleges in his Motion for a New Trial, that these records are newly discovered evidence that

would support the finding that there was a *Brady* violation, which, in turn, is a basis for a new trial. *United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005).

A jury found defendant guilty on August 10, 2012, and the Motion for a New Trial was filed on January 14, 2014. Pursuant to Rule 33, the Motion for a New Trial must fall under 33(b)(1), and be grounded on newly discovered evidence. Defendant's Motion for a New Trial is predicated upon his allegations that the evidence sought in his Renewed Motion for Leave to Subpoena Records constitutes newly discovered evidence. Therefore, the analysis of the requested evidence will be examined pursuant to the standard imposed by Federal Rule of Criminal Procedure 33(b)(1) (Fed. R. Crim. P. 33), an examination which leads this Court to deny both Motions at issue.

Motions for New Trial based on newly discovered evidence are "disfavored and should be granted with caution." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991), *citing United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859, 108 S.Ct. 170, 98 L.Ed.2d 124 (1987). A successful Motion for New Trial based on newly discovered evidence must show:

> (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. *United States v. Turner,* 995 F.2d 1357, 1364 (6th Cir.), *cert. denied,* 510 U.S. 904, 114 S.Ct. 282, 126 L.Ed.2d 232 (1993).

7

Defendant fails the first step of the analysis, because he cannot prove that the evidence was discovered after his trial. Defendant contends that the evidence is newly discovered because he only learned of the relevancy of the evidence after the trial was completed [1012]. However, this misconstrues the meaning of newly discovered evidence. It is well settled in the Sixth Circuit, and in a majority of other Circuits, that evidence is not newly discovered if a Defendant was aware of the evidence at trial, even if such evidence was unavailable to him during trial. *See, e.g., United States v. Glover*, 21 F.3d 133, 138-39 (6th Cir. 1994); *United States v. Jasin*, 280 F.3d 355, 362, 364 (3d Cir.2002) (holding that "evidence known but unavailable at trial does not constitute 'newly discovered' within the meaning of Rule 33"); see also, *United States v. Theodosopoulos*, 48 F.3d 1438, 1448-49 (7th Cir.1995) (same); United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir.1994) (same); United States v. Lockett, 919 F.2d 585, 591-92 (9th Cir.1990) (same).

The Defendant knew of the existence of the McKesson records well before the trial started because the records are invoices for the pharmacies that he himself owned and reflect transactions that his business undertook with McKesson. Indeed, the McKesson invoices were seized from Defendant's pharmacies by the Government and were available to the Defendant in pretrial discovery. Moreover,

the Government employed some of these records at trial as exhibits, so the existence of this evidence was certainly not unknown [616 at 2].

Further, even if this evidence were considered newly discovered, as required by the Rule it would not result in an acquittal. As this Court stated in its Order Denying Defendant's earlier Motion to Produce [676] the McKesson evidence prior to sentencing: "whether Defendant returned drugs that were billed but not dispensed, or retained the proceeds from said returns, is not relevant to his guilt at trial or his sentencing" since the primary fraud scheme for which Defendant was indicted was completed when insurers were billed for prescription drugs that were not dispensed." The McKesson invoices only relate to the case at bar as a means to cover up the crime in case of an audit and hence would not lead to an acquittal.

Defendant unquestionably knew of the existence of the McKesson records before the trial started. Therefore, his Motion for a New Trial [1098] is **DENIED**. Because that Motion is denied, Defendant's Renewed Motion for Leave to Subpoena Records to support his Motion for a New Trial [993] is also **DENIED**.

## 2. MOTION TO SUPPLEMENT PENDING MOTION FOR NEW TRIAL [1105]

Defendant's Motion to Supplement his Pending Motion for a New Trial [1105] was filed on January 16, 2014. Defendant requests that the Motion for a New Trial be supplemented with additional facts regarding this Court's refusal to

allow a juror to ask government witness F.B.I. agent Lafell why the government did not subpoena all of Defendant's records, expenses, cash receipts and books.

This request to supplement concerns the same evidence at issue in the Motion for New Trial, the McKesson records. For the reasons discussed above in Section 1, Defendant's Motion to Supplement Pending Motion for New Trial [1105] is **DENIED.**

3.  **MOTION TO FILE SECOND SUPPLEMENT TO PENDING MOTION FOR NEW TRIAL [1466]**

Defendant's Motion to File a Second Supplement to the Pending Motion for New Trial [1466] was filed on July 6, 2015. In that Motion [1466], Defendant requests the pending Motion for a new trial be supplemented to add a new ground in support of the motion, alleging that the Court erred by "allowing Government witnesses to testify as lay witnesses" and also by allowing Government witnesses who are actually experts to testify as lay people. This request has nothing to do with newly discovered evidence, and is not an acceptable basis for a Motion for New Trial under Rule 33(b)(1). Accordingly, Defendant's Motion to File Second Supplement to Pending Motion for New Trial [1466] is **DENIED.**

4.  **MOTION TO DISMISS COUNT ONE OF THE INDICTMENT BECAUSE OF DUPLICITY ERROR [1093]**

On January 29, 2014, Defendant filed a Motion to Dismiss Count One of the Indictment because of Duplicity Error [1093]. For the reasons stated below, the Motion to Dismiss Count One of the Indictment because of Duplicity Error [1093] is **DENIED.**

A Motion to Dismiss for reasons of duplicity in the indictment is pursuant to Federal Criminal Rules of Procedure (Fed. Crim. R. P.) 12(b)(3)(B)(i). A 12(b)(3) motion is, by definition, a motion that must be made before trial. This Motion to Dismiss was filed after verdict and sentencing and Defendant provides no justification for failure to file this motion pre-trial and thus has not shown good cause as required under Rule 12(c)(3) to justify the untimely the Motion. Therefore, the motion is **DENIED.**

5. **MOTION TO SUPPLEMENT PENDING MOTION TO DISMISS COUNT ONE OF THE INDICTMENT BECAUSE OF DUPLICITY ERROR [1121]**

Defendant filed a Motion to Supplement his Pending Motion to Dismiss Count One of the indictment [1221] on January 29, 2014. Defendant seeks to add one additional authority to supplement his Motion to Dismiss Count One [1093]. As explained above in Section Four of this Order, the Motion to Dismiss Count One of the Indictment [1093] was denied for failure to establish good cause for not filing the Motion before the start of the trial. The authority and argument that the

Defendant raises in this Motion does not remedy that error. Therefore, the Motion to Supplement [1121] is **DENIED**.

### 6. MOTION TO SUPPLEMENT PENDING §2255 [1490]

Defendant filed a Motion to Supplement Pending §2255 Motion on October 30, 2015 on the Ground that the Court has violated Defendant's Fifth Amendment procedural due process rights in their delay in addressing Defendant's pending Motions. On June 1, 2015 the Sixth Circuit denied Defendant's Motion for a Writ of Mandamus on the pending Motions [1438], stating that those pending Motions only became ripe for review after the Court of Appeals had issued their mandate on Defendant's direct appeal in November 2014 given that they were filed after Defendant had filed an appeal on February 8, 2013. The Sixth Circuit stated that there was not an inordinate delay requiring an order of mandamus. It is also important to note that when considering untimely delay rising to the level of a constitutional violation of the Sixth Amendment, it is in the context of untimely delay that affects the right to a speedy appeal that is at issue. *See United States v. Smith*, 94 F.3d 204, 207 (6th Cir. 1996). Given that Defendant already had an appeal pending when he filed his motions, and was also able to file a §2255 Motion while these Motions were pending, there has been no effect on Defendant's Sixth Amendment Due Process right to a speedy appeal.

12

Considering that all previous pending Motions have been dealt with in this Order and there has been no delay in Defendant's right to appeal, the Motion to Supplement Pending § 2255 Motion is **DENIED.**

### 7. MOTIONS FOR DISPOSITION ON PENDING MOTIONS [1331; 1486]

The pending Motions for Disposition on Pending Motions [1331; 1486] are in regards to the following Motions: Motion for leave to subpoena records [993], Motion for New Trial [1098], Motion to Dismiss Count One of the Indictment [1093], Motion for Leave to Supplement Pending New Trial Motion [1105], and Second Motion for Leave to Supplement Motion for New Trial [1466]. Defendant requests the Court to dispose of the Motions by requesting the Government to respond and scheduling evidentiary hearings. This Order effectively disposes of all pending Motions referenced in these Motions for Disposition. Therefore, the two Motions for Disposition on Pending Motions [1331; 1486] are **DISMISSED as moot.**

### 8. MOTION FOR EXTENSION OF TIME TO FILE REPLY TO RESPONSE TO MOTION TO VACATE SENTENCE [1510]

On December 9, 2015, Petitioner filed a Motion for Extension of Time to File a Reply re his Motion to Vacate Sentence under 28 U.S.C. § 2255 [1510]. On

December 15, 2015 Petitioner filed his Reply to Respondent's Response [1513].

Therefore, the motion is **DENIED as moot**.

   **IT IS ORDERED** that Defendant's Motion for a New Trial [1098] is

**DENIED;** Defendant's Renewed Motion for Leave to Subpoena Records [993] is

**DENIED;** Defendant's Motion to Supplement Pending Motion for New Trial

[1105] is **DENIED**; Defendant's Motion to File Second Supplement to Pending

Motion for New Trial [1466] is **DENIED**; Defendant's Motion to Dismiss Count

One of the Indictment [1093] is **DENIED**; Defendant's Motion to Supplement

Pending Motion to Dismiss Count One of the Indictment [1121] is **DENIED**;

Defendant's Motion to Supplement Pending §2255 [1490] is **DENIED**;

Defendant's Motions for Disposition on Pending Motions [1331; 1486] are

**DENIED as moot**; Petitioner's Motion for Extension of Time to File a Reply

[1506] is **DENIED as moot.**


                              s/Arthur J. Tarnow
                              Arthur J. Tarnow
Dated: December 28, 2015      Senior United States District Judge


14