UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B<span>ABUBHAI</span> P<span>ATEL</span>,

    Movant,

v.

U<span>NITED</span> S<span>TATES OF</span> A<span>MERICA</span>,

    Respondent.
    _____/

Criminal Case No. 11-20468
Civil Case No. 15-13230

S<span>ENIOR</span> U.S. D<span>ISTRICT</span> J<span>UDGE</span>
A<span>RTHUR</span> J. T<span>ARNOW</span>

**O<span>RDER</span> C<span>ONSTRUING</span> M<span>OVANT</span>'<span>S</span> M<span>OTION</span> U<span>NDER</span> R<span>ULE</span> 60(<span>B</span>) [1652] <span>AS</span> S<span>ECOND</span> <span>OR</span> S<span>UCCESSIVE</span> 28 U.S.C. § 2255 M<span>OTION AND</span> T<span>RANSFERRING</span> M<span>OTION TO THE</span> U<span>NITED</span> S<span>TATES</span> C<span>OURT OF</span> A<span>PPEALS FOR THE</span> S<span>IXTH</span> C<span>IRCUIT</span>**

On August 10, 2012, a jury convicted Movant Babubhai Patel of: Conspiracy to Commit Health Care Fraud (Count 1); ten counts of Health Care Fraud; one count of Conspiracy to Distribute Controlled Substances; and fourteen counts of Distribution of Controlled Substances. On February 1, 2013, the Court sentenced Mr. Patel to 204 months of imprisonment. On September 8, 2014, the Sixth Circuit affirmed Mr. Patel's conviction. *United States v. Patel*, 579 F. App'x 449 (6th Cir. 2014).

On September 11, 2015, Mr. Patel filed a Motion to Vacate Sentence [1475] pursuant to 28 U.S.C. § 2255. On July 7, 2017, the Court issued an Order [1619], which, *inter alia*, denied Mr. Patel's § 2255 Motion and denied a certificate of appealability. Mr. Patel filed a Notice of Appeal [1623] on July 28, 2017.

On March 15, 2018, the Sixth Circuit denied Mr. Patel's certificate of appealability application. *Babubhai Patel v. USA*, No. 17-1889, (6th Cir. Mar. 15, 2018).

On April 16, 2018, Mr. Patel filed this Motion for Relief from Judgment [1652] pursuant to Fed. R. Civ. P. 60(b). Mr. Patel asks the Court for relief from its Order [1619] denying his § 2255 motion on the grounds that "the judge made a substantial mistake of facts that compromised the integrity of the § 2255 proceedings." [Dkt. #1652 at 3]. Specifically, Mr. Patel contends that the Court "misunderstood or ignored" the fact that he "never submitted a false and fraudulant [sic] claim to Medicare, Medicaid, and private insurers" as charged in Count 1. *Id.* at 4.

A Rule 60(b) motion may actually be a second or successive § 2255 motion in disguise. *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007). Before filing, in this Court, a second or successive § 2255 motion, the movant must seek authorization from the Sixth Circuit. *See* §§ 2255(h); 2244(3)(A). If a successive § 2255 motion is filed in this Court without such authorization, the Court lacks jurisdiction over it and must transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

The Sixth Circuit has set forth at least two circumstances in which a Rule 60(b) motion may be construed as a successive § 2255 motion: first, "a Rule 60(b) motion that attempts 'to add a new ground for relief;'" and second, a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim *on the merits*[.]" *Nailor*, 487 F.3d at 1023 (citing *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)).

Although Mr. Patel contends that he challenges only the integrity of the § 2255 proceedings, a review of his Motion [1652] reveals that he is, "'in effect[,] ask[ing] for a second chance to have the merits determined favorably.'" *Hourani v. United States*, 239 F. App'x 195, 198 (6th Cir. 2007) (quoting *Gonzalez*, 545 U.S. at 532 n. 5) (holding that movant's Rule 60(b) motion "in which he alleged that the district court misunderstood the nature of the issue presented and, therefore, ruled incorrectly on [his] claim of ineffective assistance of counsel" was a successive § 2255 motion that should have been transferred to the Sixth Circuit).

Where, as here, the motion challenges the district court's resolution of a previous § 2255 motion, it is successive and must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See, e.g.*, *Albo v. United States*, 498 Fed. App'x 490, 492 (6th Cir. 2012); *Hourani*, 239 F. App'x at 196.

Accordingly,

**IT IS ORDERED** that Movant's Motion for Relief from Judgment [1652] is construed as a second or successive § 2255 motion and is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED**.

Dated: May 17, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Page **4** of **4**