UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **2:11-CR-20468-TGB-MKM-1** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER TO DENY MOTION TO VACATE FOR WANT OF JURISDICTION AND TO TRANSFER PETITIONER'S SUCCESSIVE MOTION TO VACATE TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT (ECF NO. 1759)** |
| **BABUBHAI PATEL,** | |
| Defendant. | |

Babubhai Patel filed a motion to vacate his sentence under 28 U.S.C. § 2255 on November 30, 2023. ECF No. 1759. This is his fifth motion to vacate. The first three were not granted, and the fourth was transferred to the Sixth Circuit and is awaiting authorization to be filed in the district court. ECF Nos. 1619, 1652, 1678, 1746, 1758. After reviewing the filing, this Court construes the instant motion as successive.

The Sixth Circuit has stated: "[w]hen a habeas petitioner files a motion attacking the merits of a conviction or sentence after the adjudication of her habeas petition is complete—meaning that the petitioner has lost on the merits and has exhausted her appellate

1

remedies—the motion, irrespective of its characterization, is really a second or successive habeas petition." *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014). The "paradigm case" is when "the prisoner files a motion, loses on the merits, exhausts appellate remedies, and then files another motion," and it is conclusively considered second or successive "even though the second motion presents grounds that could not have been raised earlier." *Id.* (citing *Johnson v. United States*, 196 F.3d 802, 804 (7th Cir. 1999)). That is what happened here. In *Patel's* motion, he argues that the government withheld exculpatory evidence in not turning over grand jury transcripts in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), where the grand jury was not presented evidence about: (1) the "jurisdictional connection to interstate commerce" element of Counts I–XIV, (2) the "kickback, bribe, and other inducements" element of Count I, and (3) the "bill but not dispense" element of Counts I–XIV.

The law requires that any "second or successive" motion "must be certified" by a panel of the Court of Appeals before it can be filed at the district court. 28 U.S.C. §§ 2255(h), 2244(b)(3). Because Patel did not first file this motion at the Sixth Circuit and has not been certified to file a successive motion, this Court does not have the jurisdiction to consider the motion. Therefore, it must deny the motion at this time and transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Smith,* 690 F.3d 809, 810 (6th Cir. 2012) (citing *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997)). Accordingly, **IT IS ORDERED** that the Motion to Vacate is

construed as a successive § 2255 motion and is hereby **DENIED** for want of jurisdiction and **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

Dated: December 19, 2023

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE